**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**FORREST R. FERGUSON**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FORREST R. FERGUSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1406-CR-406 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE MARION SUPERIOR COURT 5
The Honorable Grant Hawkins, Judge
Cause No. 49G05-8908-CF-095841

**November 14, 2014**

**MEMORANDUM DECISION ON REHEARING- NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

We grant Ferguson's petition for rehearing for the limited purpose of correcting statements that we lacked jurisdiction to consider his untimely appeal of the trial court's February 20, 2014 order denying additional credit time. Days after our decision, the Indiana Supreme Court held that an untimely appeal is not a jurisdictional defect. *In re Adoption of O.R*., 16 N.E.3d 965 (Ind. 2014). The Court explained that the right to appeal is forfeited by an untimely appeal, subject to restoration of the right where "extraordinarily compelling reasons" exist. *Id*. at 971. No extraordinarily compelling reasons exist in this case. Therefore, despite our erroneous references to jurisdiction, dismissal was warranted with respect to Ferguson's forfeited appeal of the February 2014 order.

VAIDIK, C.J., and MAY, J., concur.